Rodney W. Bell (SBN 125314)
(rbell@changcote.com)
Audrey L. Khoo (SBN 254007)
(akhoo@changcote.com)
CHANG & COTE, LLP
19138 E. Walnut Drive North, Suite 100
Rowland Heights, CA 91748
Telephone: (626) 854-2112
Facsimile: (626) 854-2120

Attorneys for Plaintiffs,
CARSON CHENG and NEW CENTURY
SCI & TECH, INC.

Norbert Stahl (SBN 194091)
nstahl@patentlawservice.com
STAHL LAW FIRM
2 Meadowsweet Lane
San Carlos, California 94070
Telephone: (650) 802-8800
Facsimile: (650) 802-8484

Attorney for Defendants AIM SPORTS, INC., YING CUI, JUAN COVARRUBIAS, G. CUI, COMBAT OPTICAL, INC., SHANDONG INTERNATIONAL ECONOMIC & TECHNICAL DEVELOPMENT CO., LTD. and QINGDAO AMBER SPORTS CO., LTD.

NOTE CHANGES MADE BY THE COURT.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARSON CHENG, et al.,<br><br>  *Plaintiffs,*<br><br>vs.<br><br>AIM SPORTS, INC., et al.,<br><br>  *Defendants.*<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV 10-3814 PSG (PLAx)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Honorable Paul L. Abrams |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties, or by non-parties that produce materials in this case. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action and to allow non-parties to also designate materials under the terms of this Order.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" shall mean and include information contained or disclosed in any materials (regardless of how generated, stored or maintained), including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; e-mails; databases; spreadsheets; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks

and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

Chang & Cote, LLP; Brent A. Capehart, Esq. of Harrison, Arkansas; and Stahl Law Firm.

## GENERAL RULES

4. Each party to this litigation, and any non-party (the terms "party" and "parties" as used herein shall be construed to include parties and non-parties for the purpose of allowing designations of materials pursuant to this Order), that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    b. Designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information. Upon request by another party, a producing party shall provide the basis for a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within 5 days. If the designation

1 is not explained to the satisfaction of the objecting party, or if there is no response
2 within 5 days, the receiving party may move the court to remove or change the
3 designation. For the purposes of any motion, the burden of proving the
4 appropriateness of the designation will fall on the designating party. Any motion
5 challenging a designation must be made in strict compliance with Local Rules 37-1
6 and 37-2 (including the Joint Stipulation requirement).

       c.    All materials, whether or not filed or lodged with the court that contain or make reference to Confidential Information for which the designating party seeks protection under this order shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page containing any Confidential Information, except in the case of multipage documents bound together by staple or other permanent binding, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" need be stamped only on the first page of the document in order for the entire document to be treated as having been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

       d.    Documents or other material produced by a non-party to this action may be designated by the producing non-party as described in paragraph 4(c) or by providing written notice, as soon as reasonably practicable, but in no event longer than 14 days from production, to counsel of the Bates numbers or number range or other sufficiently definite description of the documents to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY." Counsel shall not permit documents or materials produced by a non-party to be distributed to persons beyond those authorized to have access to "Highly Confidential – Attorneys Eyes Only" documents or materials under this Order before the time for designation of materials has elapsed in accordance with this paragraph.

5. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

Case 2:10-cv-03814-PSG-PLA   Document 56-1   Filed 12/14/10   Page 5 of 15   Page ID #:612

    a.    said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY;"

    b.    the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraphs 7 or 8 below; all persons in attendance at a deposition must be identified on the record, if requested by a party; and

    c.    the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

6.    All Confidential Information designated as "CONFIDENTIAL" produced pursuant to this Order may be disclosed or made available only to the Court, to outside counsel (as defined in Paragraph 3) for a party (including the paralegal, clerical, secretarial, and other staff associated with such counsel), and to the "qualified

persons" designated as follows:

 (a) a party, or an officer, director, in-house counsel, or employee of a party, deemed necessary by outside counsel to aid in the prosecution, defense, or settlement of this action;

 (b) independent experts retained by outside counsel to assist in the prosecution, defense, or settlement of this action;

 (c) paralegals, stenographic and clerical employees, and translators associated with subparagraph (a), but only as part of a disclosure to said persons in accordance with this stipulation and order;

 (d) judges, law clerks, court reporters, and other clerical personnel of the Court before which this action is pending; and

 (e) any other person as to whom the parties in writing agree.

7. All Confidential Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" produced pursuant to this Order may be disclosed or made available only to the Court, to outside counsel (as defined in Paragraph 3) for a party (including the paralegal, clerical, secretarial, and other staff associated with such counsel), and to the "qualified persons" designated as follows:

 (a) independent experts retained by outside counsel to assist in the prosecution, defense, or settlement of this action;

 (b) judges, law clerks, court reporters, and other clerical personnel of the Court before which this action is pending; and,

 (c) any other person as to whom the parties in writing agree.

8. Prior to receiving any Confidential Information, whether designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," each "qualified person" defined in Paragraphs 6(a), (b) or (e) above shall be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form of Attachment A. A copy of the executed Nondisclosure Agreement shall be provided to opposing counsel upon request. In the case of a "qualified person"

Case 2:10-cv-03814-PSG-PLA   Document 56-1   Filed 12/14/10   Page 7 of 15   Page ID #:644

defined in Paragraph 6(a) above, a copy of the executed Nondisclosure Agreement shall not be provided in response to a request unless and until such person is designated as a testifying witness. The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert shall provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts shall not be unreasonably withheld.

9. Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

10. With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in Paragraph 3, except that

Case 2:10-cv-03814-PSG-PLA   Document 56-1   Filed 12/14/10   Page 8 of 15   Page ID #:615

independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal. [handwritten: Good cause must be shown. PLA] The parties will follow and abide by applicable law, including L.R. 79-5, with respect to filing documents under seal in this Court. Nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

13. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within five days, the objecting party may move the Court for a ruling on the objection. The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved. Any motion challenging a designation must be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

14. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a

Case 2:10-cv-03814-PSG-PLA Document 56-1 Filed 12/14/10 Page 9 of 15 Page ID #:646

person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" - SUBJECT TO PROTECTIVE ORDER.

17. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

19. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained formation.

22. The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23. The restrictions and obligations herein shall not be deemed to prohibit

Case 2:10-cv-03814-PSG-PLA Document 56-1 Filed 12/14/10 Page 11 of 15 Page ID #:618

discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

24. Transmission by facsimile or email is acceptable for all notification purposes herein unless otherwise specified.

25. The Court may modify the protective order in the interests of justice or for public policy reasons.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

Respectfully submitted,

Dated: 12/13/2010

CHANG & COTÉ, LLP

By: _____
Rodney W. Bell
(rbell@changcote.com)
Audrey L. Khoo
(akhoo@changcote.com)
19138 E. Walnut Drive North, Ste. 100
Rowland Heights, CA 91748
Telephone:  (626) 854-2112
Facsimile:   (626) 854-2120

Brent A. Capehart, Esq.
(bcapehart@ozarklawyer.com)
1413 McCoy Drive, Suite A
Harrison, AR 72602
Telephone: (870) 741-6166
Facsimile:   (870) 741-5205

Attorneys for Plaintiffs,
CARSON CHENG and NEW CENTURY SCI & TECH, INC.

Case 2:10-cv-03814-PSG-PLA Document 56-1 Filed 12/14/10 Page 12 of 15 Page ID #:619

DATED: December 13, 2010

STAHL LAW FIRM

By: _____
Norbert Stahl, Esq.

Attorney for Defendants AIM Sports, Inc., Y. Cui, J. Covarrubias, G. Cui, Combat Optical, Inc., Shandong Int'l Econ. & Tech. Dev. Co. Ltd., and Qingdao Amber Sports Co., Ltd.

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | DATED: December __, 2010 | STAHL LAW FIRM |
| 4 | | |
| 5 | | By: _____ |
| 6 | | Norbert Stahl, Esq. |
| 7 | | Attorney for Defendants AIM Sports, Inc., Y. Cui, J. Covarrubias, G. Cui, Combat Optical, Inc., Shandong Int'l Econ. & Tech. Dev. Co. Ltd., and Qingdao Amber Sports Co., Ltd. |

IT IS SO ORDERED.

DATED: December 15, 2010            _____
                                     Hon. Paul L. Abrams
                                     United States Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CARSON CHENG, *et al.*, <br><br> *Plaintiffs,* <br><br> vs. <br><br> AIM SPORTS, INC., *et al.*, <br><br> *Defendants.* <br><br> AND RELATED COUNTERCLAIMS. | Case No. CV 10-3814 PSG (PLAx) <br><br> **AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER** <br><br> Honorable Paul L. Abrams |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Protective Order entered in *Carson Cheng, et al. v. AIM Sports, Inc., et al.*, Case No. CV10-3814 PSG (PLAx), and have received a copy of the Protective Order.

3. I promise that I will use any and all "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information with anyone other than the persons described in accordance with Paragraphs 3, 4, 6, and 7 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California

with respect to enforcement of the Protective Order.

6.  I understand that any disclosure or use of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2009 at _____

by _____.