O
**LINK TO DOC. # 45**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-3814 PSG (PLAx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | Carson Cheng, *et al.* v. AIM Sports, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order Granting Defendant's Motion to Quash Service**

Pending before the Court is Defendant Qingdao Amber Sports Co., Ltd.'s Motion to Quash Service. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the Motion.

I.     Background

This case involves, *inter alia*, the alleged infringement by Defendants AIM Sports, Inc., Guoping Cui, Ying Cui, Juan Covarrubbias, Qingdao Amber Sports Co., Ltd ("QASCO" or "Defendant"), Shandong International Economic & Technical Development Co., Ltd., Combat Optical, Inc., and Micro World Corp. d/b/a Barska of Plaintiffs Carson Cheng and New Century Science and Technology, Inc.'s (collectively, "Plaintiffs") patents related to tools and accessories for rifles. *See Compl.* ¶¶ 7-17. The only facts relevant to the pending motion are as follows: (1) Plaintiffs first attempted service on QASCO by delivering the summons and complaint to Ying Cui, who was believed to be its director, on June 14, 2010, *see Bell Decl.* ¶ 3, Ex. 1; (2) counsel for Ying Qui e-mailed Plaintiffs' counsel indicating that Ying Qui was not authorized to accept service on behalf of QASCO, *see Bell Decl.*, Ex. 2; (3) Plaintiffs then attempted service on QASCO by delivering the summons and complaint to Hong Wang, QASCO's registered legal representative, on August 27, 2010, *see Bell Decl.*, Ex. 3; and (4) QASCO's counsel informed Plaintiffs' counsel that Hong Wang was not present in the Untied States on August 27, 2010, *see Bell Decl.*, Ex. 4. Based on the above facts, QASCO filed the

O

LINK TO DOC. # 45

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3814 PSG (PLAx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | Carson Cheng, *et al.* v. AIM Sports, Inc., *et al.* | | |

pending Motion to Quash Service on November 18, 2010.  For the reasons that follow, the Court
GRANTS QASCO's Motion to Quash Service.

II.    Legal Standard

Under the Federal Rules of Civil Procedure ("Federal Rules"), "service upon an
individual may be made by 'delivering a copy of the summons and of the complaint to the
individual personally; ... leaving a copy of each at the individual's dwelling or usual place of
abode with someone of suitable age and discretion who resides there; ... [or] delivering a copy of
each to an agent authorized by appointment or by law to receive service of process.'" *Haskins v.
Moynihan,* 2010 WL 2691562, at *3 (D.Ariz. July 6, 2010) (citing Fed. R. Civ. P. 4(e)(2)).
Service may be performed by "any person who is at least 18 years old and not a party."  Fed. R.
Civ. P. 4(c)(2).  Under the Federal Rules, a Plaintiff also has the option of serving an individual
by "following state law for serving a summons in an action brought in courts of general
jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ.
P. 4(e)(1).

A party may bring a motion to quash summons for insufficiency of service of process.
Fed. R. Civ. P. Rule 12(b)(5).  Analysis of a motion to quash summons for insufficiency of
service of process involves burden-shifting between the two parties.  "A federal court does not
have jurisdiction over a defendant unless the defendant has been served properly under Fed. R.
Civ. P. [Rule] 4."  *Direct Mail Specialists v. Eclat computerized Techs., Inc.*, 840 F.2d 685, 688
(9th Cir. 1988).  "Objections to the validity of service of process must be specific and must point
out in what manner the plaintiff has failed to satisfy the requirements of proper service."  *Duran
v. Macias-Price*, 2007 WL 4554390 (E.D. Cal. 2007) (citing *O'Brien v. R.J. O'Brien & Assocs.*,
998 F.2d 1394, 1400 (7th Cir. 1993)).  After a proper objection, "the party on whose behalf
[service] is made must bear the burden of establishing its validity."  *Aetna Business Credit, Inc.
v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *See Brockmeyer
v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  The district court should give interpretations of Rule
4 a liberal and flexible construction and may extend the time in which service may be perfected.
*Jones v. Automobile Club of Southern Cal.*, 26 Fed. Appx. 740, 742 (9th Cir. 2002) (holding that
the district court may extend time of service even after two failed attempts by Plaintiff to perfect
service).

Generally, a plaintiff can meet its burden of establishing the validity of service by
providing the process server's return because "the process server's return will provide a prima

O
**LINK TO DOC. # 45**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3814 PSG (PLAx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | Carson Cheng, *et al.* v. AIM Sports, Inc., *et al.* | | |

facie case as to the facts of service." *O'Dell v. Inyo County Sheriff's Dep't*, No. CV 06-658 OWW (SMS), 2006 WL 3834397, at *2 (E.D. Cal. Dec. 26, 2006). In fact, a signed return of service "can be overcome only by strong and convincing evidence" put forth by the complaining party. *S.E.C. v. Internet Solutions for Bus., Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007); *Hong-Ming Lu v. Primax Wheel Corp.*, No. CV 04-4170, 2005 WL 807048, at *4 (N.D. Cal. 2005 April 7, 2005).

III.    Discussion

In this case, Plaintiffs attempted service on QASCO twice: first on Ying Cui, its one-time director, and second on Hong Wang, its registered legal representative. With respect to service on QASCO via Ying Cui, QASCO argues that service was improper because Ying Cui divested her 100 percent ownership of the company prior to being served. *See Mot.* 3:13-17. With respect to service on QASCO via Hong Wang, QASCO argues that she was in China on the date of service and that the process server incorrectly identified her as the recipient listed on the proof of service. *See id.* 3:4-11. The evidence submitted supports Defendant's contention that service was improper and the Court GRANTS QASCO's Motion to Quash Service.

A.    Service on Ying Cui as Director of QASCO

Defendant claims that service on QASCO via Ying Cui was improper because Ying Cui, at the time of service, was not authorized to accept service on behalf of the corporation. *See Mot.* 3:17. The signed return of service indicates that service complied with the California Code of Civil Procedure. *See Bell Decl.,* Ex. A. California law permits service on a corporation by delivering a copy of the summons and the complaint by any of the following methods:

(a) To the person designated as agent for service of process as provided by any provision in Section 202, 1502, 2105, or 2107 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable).

(b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

O
LINK TO DOC. # 45

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3814 PSG (PLAx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | Carson Cheng, *et al.* v. AIM Sports, Inc., *et al.* | | |

Cal. Code Civ. P. § 416.10.  Where personal service is not possible, California law also permits service by leaving and mailing a copy of the summons and complaint "during usual office hours in his or her office . . . with the person who is apparently in charge thereof."  Cal. Code Civ. P. § 415.20.  Defendant claims that Ying Cui was not authorized to accept service on behalf of QASCO because she divested her ownership interest more than a year earlier.  *See Second Cui Decl.* ¶ 2 (attesting that Ying Cui sold 100 percent of her ownership interest in May of 2009).

To rebut the claim that service on Ying Cui as an agent of QASCO was improper because she "has no ownership interest in Q[ASCO], and holds no position at Q[ASCO]," *see Mot.* 3:14-17, Plaintiffs offer documents that are allegedly from the Qingdao Commerce Bureau and show that Ying Cui is the sole owner of QASCO, *see id.* 4:17; *Bell Decl.*, Ex. 5 (Qingdao Commerce Bureau document); *Kole Decl.*, Ex. 7 (verified translation).  However, Plaintiffs readily admit that the documents are not properly authenticated foreign documents as required by Federal Rule of Evidence 902(3), and the Court cannot rely on them.  *See Bell Decl.* ¶ 5 n.1.  On the other hand, Ying Cui attests that she sold all of her ownership interest in QASCO on May 26, 2009 and has not held any position with QASCO since then.  *See Second Cui Decl.* Ex. 2.  In light of the fact that Plaintiff presents no admissible evidence establishing the validity of service via Ying Cui, service is improper.

B.   Service on Hong Wang as an Authorized Agent

With respect to service on Hong Wang, QASCO's legal representative, Plaintiffs provide the signed return of service from the process server indicating that Hong Wang was personally served in California on August 27, 2010.  *See Bell Decl.*, Ex. 3.  Defendant insists that Ms. Wang could not have been served in California that day, as she was in Hong Kong.  *See Mot.* 3:4-5; *Wang Decl.* ¶¶ 3-4.  To support that assertion, Ms. Wang provided a copy of her "passport" showing entry into Hong Kong on August 26, 2010 and exit on August 29, 2010.  *See Wang Decl.* Ex A at 7.  When challenged, however, Ms. Wang recanted on the statement in her declaration that her "passport" is actually her passport.  Instead, Ms. Wang admitted that what she represented to the Court was her "passport" is really only an "Exit-Entry Permit" that permits and documents travel between Macao, China and Hong Kong, but does not show any travel outside of China.  *See Second Wang Decl.* ¶ 3.

Perhaps realizing that the evidence submitted in support of the motion was insufficient, Ms. Wang later provided the Court with copies of her actual passport and argues that if she was in fact present in the United States to accept service on August 27, 2010, it would be so reflected

O
LINK TO DOC. # 45

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3814 PSG (PLAx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | Carson Cheng, *et al.* v. AIM Sports, Inc., *et al.* | | |

with stamps in her passport.  *See Reply* 6:7-19; *Second Wang Decl.* ¶ 3, Ex. B (passport that expired on July 29, 2010), Ex. E (current passport).  There are no stamps showing entry or exit to the United States in Ms. Wang's passport.  *See Second Wang Decl.*, Exs. B, E.  Moreover, Ms. Wang provided airplane tickets with her name on them indicating that she left the United States for Beijing on May 3, 2010, *see Second Wang Decl.*, Ex. C, and sales receipts from stores in Hong Kong dated August 27, 2010—the day of purported service—which Ms. Wang attests represents purchases that only she could make, *see Second Wang Decl.* ¶ 6, Ex. D.  Together with the Exit-Entry permit showing travel between Hong Kong and Macao, China from August 26-29, 2010, the evidence provided by Ms. Wang strongly and convincingly suggests that the signed return of service provided by Plaintiffs is incorrect.

IV.   Conclusion

        Based on the foregoing, Plaintiffs have not established that service under Federal Rule of Civil Procedure 4 was proper and Defendant's Motion to Quash is GRANTED.[1]  Plaintiffs have 60 days to serve QASCO—until **March 26, 2011**—or QASCO will be dismissed as a defendant.

        **IT IS SO ORDERED.**

---

[1]  The Court also notes that Plaintiffs' failure to timely oppose Defendant's motion serves as an independent basis for granting the motion.  Plaintiffs' Opposition was due 21 days before the date designated for the hearing of the motion, which would have been November 16, 2010.  *See* L.R. 7-9.  As the Opposition was not filed until November 18, 2010, Local Rule 7-12 permits the Court to treat Plaintiffs' failure to timely oppose as consent to granting the motion.  *See* L.R. 7-12.