1  Norbert Stahl (SBN 194091)
   nstahl@patentlawservice.com
2  STAHL LAW FIRM
   2 Meadowsweet Lane
3  San Carlos, California 94070
   Telephone:  (650) 802-8800
4  Facsimile:   (650) 802-8484

5  Attorney for Defendants AIM SPORTS, INC., YING CUI,
   JUAN COVARRUBIAS, G. CUI, COMBAT OPTICAL, INC.,
6  SHANDONG INTERNATIONAL ECONOMIC & TECHNICAL
   DEVELOPMENT CO., LTD.

7

8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11

12  CARSON CHENG, an individual;          )   Case No. 2:10-cv-03814 PSG (PLAx)
    NEW CENTURY SCI & TECH, INC.,         )
13  a California corporation,             )
                                          )
14                        Plaintiffs,     )   **MEMORANDUM IN SUPPORT OF**
                                          )   **DEFENDANTS' MOTION FOR**
15          vs.                           )   **SUMMARY JUDGMENT OF**
                                          )   **PREEMPTION AND LACK OF**
16  AIM SPORTS, INC., a California         )   **EVIDENCE.**
    corporation; GUOPING CUI, an          )
17  individual also known as George Cui;  )
    YING CUI, an individual also known as )
18  Amber Cui; JUAN COVARRUBBIAS,         )
    an individual; QINGDAO AMBER          )
19  SPORTS CO., LTD., a Chinese           )   Date:    October 31, 2011
    registered company; SHANDONG          )   Time:    1:30 p.m.
20  INTERNATIONAL ECONOMIC &              )   Place:   Western Division,
    TECHNICAL DEVELOPMENT CO.,            )            Roybal Federal Bldg.
21  LTD., a Chinese registered company;   )            Courtroom 880
    COMBAT OPTICAL, INC., a               )
22  California corporation; MICRO         )
    WORLD CORP., a California             )
23  corporation doing business as         )
    BARSKA,                               )
24                                        )   The Honorable Philip S. Gutierrez
                          Defendants.     )
25  _____ )
                                          )
26  And related Counterclaims.            )
                                          )
27

28

1

**CONTENTS**

2    INTRODUCTION ................................................................................. 1

3    STATEMENT OF FACT: ..................................................................... 2

4          A.     Plaintiffs Allege Patent Infringement, and Unfair Competition

5                 and Breach of Fiduciary Duties Related Thereto .................................. 2

6    ARGUMENT ......................................................................................... 2

7    I.     SUMMARY JUDGMENT IS PROPER IN THE ABSENCE OF
          EVIDENCE WHEN THE NON-MOVANT MUST CARRY THE
8         BURDEN OF PROOF ....................................................................... 2

9    II.    COUNT VIII FOR STATE LAW UNFAIR COMPETITION IS
10        PREEMPTED UNDER U.S. PATENT LAWS ............................... 4

11    III.   PLAINTIFFS CANNOT PROVE COUNT IX FOR BREACH OF
12        FIDUCIARY AGAINST SHANDONG ......................................... 5

13    IV.   PLAINTIFFS CANNOT PROVE COUNT X FOR BREACH OF
14        FIDUCIARY AGAINST G. CUI .................................................... 6

15    V.    PLAINTIFFS CANNOT PROVE COUNTS I-VII FOR PATENT
          INFRINGEMENT AGAINST <u>Y. CUI</u> IN HER PERSONAL
16        CAPACITY ......................................................................................... 7

17    VI.   PLAINTIFFS CANNOT PROVE COUNTS I-VII FOR PATENT
18        INFRINGEMENT AGAINST <u>G. CUI</u> IN HIS PERSONAL
19        CAPACITY ......................................................................................... 9

20    CONCLUSION ..................................................................................... 9

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

## CASES

3
4
*3D Sys. v. Aarotech Labs., Inc.*,
    160 F.3d 1373 (Fed. Cir. 1998)..........................................................................7

5
6
*Al-Site Corp. v. VSI Int'l, Inc.*,
    174 F.3d 1308 (Fed. Cir. 1999)..........................................................................7

7
*Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*,
    731 F.2d 831 (Fed. Cir. 1984).......................................................................2, 3

8
9
*Celotex Corp. v. Catrett*,
    477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)..................................3

10
11
*DSU Med. Corp. v. JMS Co., Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006) (*en banc*) .......................................................8

12
13
*Hunter Douglas, Inc. v. Harmonic Design*,
    153 F.3d 1318 (Fed. Cir. 1998)..........................................................................4

14
15
*Jones v. H.F. Ahmanson & Co.*,
    1 Cal. 3d 93, 81 Cal. Rptr. 592, 460 P.2d 464 (1969) .....................................5

16
17
*Manville Sales Corp. v. Paramount Sys.*,
    917 F.2d 544 (Fed. Cir. 1990)............................................................................8

18
19
*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)..................................3

20
*Miles, Inc. v. Scripps Clinic, Inc.*,
    810 F. Supp. 1091 (S.D. Cal. 1993)...................................................................5

21
22
*Persson v. Smart Inventions, Inc.*,
    125 Cal. App. 4th 1141 (2005)...........................................................................5

23
24
*Petersen Mfg. Co. v. Central Purchasing, Inc.*,
    740 F.2d 1541 (Fed. Cir. 1984)..........................................................................3

25
26
*United Steel Workers of America v. Phelps Dodge Corp.*,
    865 F.2d 1539 (9th Cir. 1988) (*en banc*) .........................................................3

27
*Veto Pro Pac, LLC v. Custom Leathercraft Mfg. Co., Inc.*,
    2009 U.S. Dist. LEXIS 8601 (D. Conn. 2009) ...............................................4

28

*Wordtech Sys. v. Integrated Networks Solutions, Inc.*,
     609 F.3d 1308 (Fed. Cir. 2010)........................................................................ 7

## STATUTES AND RULES

35 U.S.C. 271(a) ............................................................................................. 4, 7

35 U.S.C. 271(b) ............................................................................................. 4, 7

Fed. R. Civ. P. 56 ............................................................................................. 2, 3

Cal. Bus. & Prof. Code §§17200 *et seq.* ............................................................. 4

1    Defendants AIM Sports, Inc. ("AIM Sports"), G. Cui, Y. Cui, and Shandong
2    Int'l Econ. & Tech. Dev. Co. Ltd. ("Shandong") (collectively "Defendants") hereby
3    submit this memorandum in support of their motion for summary judgment (a)
4    dismissing Count VIII on the grounds of preemption (alleged unfair competition); (b)
5    dismissing Counts IX and X for lack of evidence (alleged breach of fiduciary duty);
6    and (c) dismissing Counts I-VII against Y. Cui and G. Cui for lack of evidence
7    (alleged patent infringement), in the complaint by plaintiffs Carson Cheng ("Cheng")
8    and New Century Sci & Tech. Inc. ("New Century") (collectively "Plaintiffs").

9                              **INTRODUCTION**

10    In this case, Plaintiffs allege infringement of seven patents under Counts I-VII,
11    and they further allege unfair competition under Count VIII, and breach of fiduciary
12    duty under Counts IX and X, related to the allegedly infringing activities. Defendants
13    bring this motion to address certain claims and resolve issues in this case.

14    Count VIII should be dismissed because it rests on allegations of patent
15    infringement and is therefore preempted.

16    Count IX should be dismissed because it rests on an allegation of a fiduciary
17    duty of Shandong towards New Century based on a 32% share ownership of
18    Shandong in New Century, a close corporation. Yet, California does not recognize
19    such a fiduciary duty and the ownership of New Century is still undecided in a
20    currently pending and unresolved case in the Superior Court of California. Also,
21    Plaintiffs have no evidence of a purported breach.

22    Count X should be dismissed rests on allegations that G. Cui promoted and
23    encouraged AIM Sports, a competitor of New Century, in violation of G. Cui's duties
24    as a director of New Century. Yet, Plaintiffs confirm that G. Cui was a director of
25    New Century only until 2006, and they must prove that G. Cui promoted AIM Sports
26    in violation of his duties towards New Century in 2006 and before. That they cannot
27    do and Count X should be dismissed too.

28

1  Counts I-VII for alleged patent infringement should be dismissed with respect
2  to Y. Cui and G. Cui, since Plaintiffs cannot prove that either in their personal
3  capacities committed any acts of infringement.

4  ### STATEMENT OF FACT

5  **A.  Plaintiffs Allege Patent Infringement, and Unfair Competition and**
6  **Breach of Fiduciary Duties Related Thereto.**

7  Plaintiffs' complaint alleges infringement of seven patents under Counts I-VII.
8  Stahl Dec., Exh. A, ¶¶34-82.  While Plaintiffs allege that AIM Sports and Shandong
9  infringe their patents, they also allege that AIM Sports' general manager, Y. Cui, and
10  Shandong's CEO, G. Cui, in their *personal* capacities infringe the patents-in-suit.
11  Plaintiffs further allege that AIM Sports and Shandong unfairly compete with New
12  Century based on the alleged patent infringement.  Stahl Dec., Exh. A, ¶¶83-87.

13  Plaintiffs allege that Shandong and G. Cui have breached a fiduciary duty
14  towards New Century.  Stahl Dec., Exh. A, ¶¶88-98.  Plaintiffs allege that Shandong
15  had a fiduciary duty towards New Century because a non-final ruling in a currently
16  pending case in the Superior Court for the State of California holds that Shandong is a
17  32% minority shareholder in New Century.  **UF6-7.** Plaintiffs, however, still maintain
18  that Shandong has no ownership in New Century and Plaintiffs have not waived any
19  right to appeal the current, non-final ruling in the State court case.  **UF8-10.** Plaintiffs
20  further allege that G. Cui breached a fiduciary duty when he was a director of New
21  Century, and Plaintiffs stated that G. Cui stopped being a director of New Century in
22  2006.  **UF17-21.**

23  ### ARGUMENT

24  **I.   SUMMARY JUDGMENT IS PROPER IN THE ABSENCE OF**
25  **EVIDENCE WHEN THE NON-MOVANT MUST CARRY THE**
    **BURDEN OF PROOF.**
26  Defendants are moving for summary judgment under Fed. R. Civ. P. 56.
27  "Summary judgment is as appropriate in a patent case as in any other." *Barmag*

28

1     *Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 835 (Fed. Cir.

2     1984). "Where no genuine issue of material fact remains and the movant is entitled

3     to judgment as a matter of law, the court should utilize the salutary procedure of

4     Fed. R. Civ. P. 56 to avoid unnecessary expense to the parties and wasteful

5     utilization of the jury process and judicial resources." *Id. See also*, *Petersen Mfg.*

6     *Co. v. Central Purchasing, Inc.*, 740 F.2d 1541, 1546 (Fed. Cir. 1984).  Summary

7     judgment should be granted when "there is no genuine dispute as to any material

8     fact and the movant is entitled to judgment as a matter of law."  Rule 56(a).

9        Defendants bear the initial responsibility of "identifying those portions of 'the

10    pleadings, depositions, answers to interrogatories, and admissions on file, together

11    with the affidavits, if any,' which" they believe demonstrate the absence of a

12    genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.

13    Ct. 2548, 91 L. Ed. 2d 265 (1986).  Once Defendants have carried their burden, the

14    burden then shifts to Plaintiffs to show that summary judgment is not appropriate.

15    *Celotex, 477 U.S. at 324*.  Also, following a properly supported motion for

16    summary judgment, "its opponent must do more than simply show that there is

17    some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,*

18    *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538

19    (1986).

20        The Ninth Circuit explained the holding in *Celotex* by noting that "on an

21    issue where the plaintiff has the burden of proof, the defendant may move for

22    summary judgment by pointing to the absence of facts to support the plaintiff's

23    claim. ...  The defendant is not required to produce evidence showing the absence

24    of a genuine issue of material fact with respect to an issue where the plaintiff has

25    the burden of proof." *United Steel Workers of America v. Phelps Dodge Corp.*, 865

26    F.2d 1539, 1542 (9th Cir. 1988) (*en banc*) (citation omitted).

27       ///

28

MEMO IN SUPPORT OF DEFENDANTS'          3             2:10-CV-03814 PSG (PLAx)
SJ RE PREEMPTION N LACK OF EVID.

## II.   COUNT VIII FOR STATE LAW UNFAIR COMPETITION IS PREEMPTED UNDER U.S. PATENT LAWS.

Under Count VIII, Plaintiffs allege unfair competition under the Cal. Bus. and Prof. Code §§17200, *et seq.* against AIM Sports and Shandong.[1]  **UF1.**[2]  Count VIII therefore rests on State law.  In the complaint, Plaintiffs identify allegedly infringing activities as the basis for Count VIII.  **UF2-3.**  When asked in discovery for the factual basis for Count VIII, Plaintiffs responded that it is based on alleged patent infringement.  **UF4-5.**

"To determine whether ... state law torts are in conflict with federal patent law and accordingly preempted, we assess a defendant's allegedly tortious conduct.  If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law." *Hunter Douglas, Inc. v. Harmonic Design*, 153 F.3d 1318, 1336 (Fed. Cir. 1998) (overruled on other grounds).  *See also, Veto Pro Pac, LLC v. Custom Leathercraft Mfg. Co., Inc.*, 2009 U.S. Dist. LEXIS 8601, *5-6 (D. Conn. 2009) (applying *Hunter Douglas* to find preemption of an unjust enrichment claim based on patent infringement).

Here, Count VIII rests on alleged patent infringement under 35 U.S.C. §271(a) (direct infringement) and 35 U.S.C. §271(b) (inducement of infringement) of the Patent Act (**UF1-5**), and Count VIII therefore rests on conduct governed by U.S. Patent Laws.  Count VIII is preempted.

///

///

---

[1]  Plaintiffs assert Count VIII also against Qingdao Amber Sports Co., Ltd., which is no longer in this case.

[2]  UF is used herein to refer to the Undisputed Fact(s) with the corresponding number in Defendants' Statement of Uncontroverted Facts filed herewith.

## III. PLAINTIFFS CANNOT PROVE COUNT IX FOR BREACH OF FIDUCIARY AGAINST SHANDONG.

Under Count IX, Plaintiffs allege a breach of fiduciary duty against Shandong, alleging that Shandong owes a fiduciary duty towards New Century because of Shandong's status as a 32% minority shareholder in the close corporation New Century. **UF6-7.** Count IX cannot prevail for three reasons. First, California corporate law does not recognize a claim as in Plaintiffs' Count IX. Only majority shareholders may have a fiduciary duty, not minority shareholders as alleged under Count IX:

> The general rule of limited liability of corporations is that shareholders do not owe each other a fiduciary duty. *See Jones v. H.F. Ahmanson & Co.*, 1 Cal. 3d 93, 81 Cal. Rptr. 592, 460 P.2d 464 (1969). The *Jones* case did give the narrow circumstance in which a fiduciary duty may be imposed: when a majority shareholder usurps a corporate opportunity from or otherwise harms the minority shareholder.

*Miles, Inc. v. Scripps Clinic, Inc.*, 810 F. Supp. 1091, 1099 (S.D. Cal. 1993).

Where a corporation is formed out of a partnership, the fiduciary duties under the partnership no longer apply unless a "preincorporation agreement or evidence the corporate form was disregarded" is present:

> [A]after a partnership is incorporated, the rights or obligations which partners can enforce against each other no longer exist. In the absence of a preincorporation agreement or evidence the corporate form was disregarded, shareholders in a duly formed corporation operating in accordance with legal requirements do not become de facto partners, and thereby acquire fiduciary duties to each other, simply because they earn the same salary and refer to each other for convenience as partners.

*Persson v. Smart Inventions, Inc.*, 125 Cal. App. 4th 1141, 1159 (2005).

In other words, California does not recognize a fiduciary duty of a minority shareholder in a close corporation, absent an agreement among the stockholders in the corporation to continue a relationship as partners in conjunction with their relationship

1  as stockholders, and no such agreement exists here. **UF11-12.** Plaintiffs cannot prove
2  such an agreement and Count IX therefore must fail.  Also, New Century has not
3  admitted that its "corporate form was disregarded," *id.*, negating this ground too
4  (assuming *arguendo* that a fiduciary duty could be imposed on Shandong for New
5  Century's disregard of its corporate form).

6  Second, Plaintiffs contention of Shandong being a 32% owner of New Century
7  is based on another case currently pending in the Superior Court of California, County
8  of Los Angeles, New Century, *et al.* v. Cheng, *et al.*, case No. BC374648 ("State
9  Court Case").  **UF7.**  Yet, Plaintiffs *still deny* that Shandong has or had *any* ownership
10 in New Century (**UF8-10**) and the ownership status of New Century still remains
11 unresolved (**UF13**).  Also, Plaintiffs have not conceded that Shandong owns 32% in
12 New Century or any share whatsoever (**UF14-15**), and they have not waived their
13 right to appeal the rulings of the Superior Court in the State Court Case (**UF16**).
14 Should Plaintiffs eventually prevail in the State Court Case, their contentions under
15 Count IX here are baseless.  Plaintiffs cannot continue to fight and challenge
16 Shandong's ownership interest in New Century in the State Court Case, while
17 simultaneously maintaining a cause of action in this case based on allegations
18 regarding that very same ownership interest.

19 Third, Plaintiffs have no evidence that Shandong ever breached any purported
20 fiduciary duty towards New Century.  **UF17.**  Plaintiffs therefore cannot prevail on
21 Count IX for three reasons, a lack of a fiduciary duty, an unresolved ownership of
22 New Century, and a lack of evidence, and it should be dismissed.

23 **IV.   PLAINTIFFS CANNOT PROVE COUNT X FOR BREACH OF**
24 **FIDUCIARY AGAINST G. CUI.**

25 Under Count X, Plaintiffs allege a breach of fiduciary duty against G. Cui based
26 on G. Cui's status as an officer and director of New Century (**UF18**) and that G. Cui
27 breached a fiduciary duty by allegedly promoting the business and sales of AIM
28 Sports, and by allegedly encouraging infringement of Plaintiffs' patents (**UF19**).

Plaintiffs cannot prevail on Count X because Plaintiffs admit that Shandong, where G. Cui is an officer, supplied AIM Sports only *after* it stopped selling to New Century. **UF20.** Furthermore, Plaintiffs maintain that G. Cui stopped being an officer or director of New Century in 2006. **UF21-22.** Also, Plaintiffs sued G. Cui in 2007 in this Court over multiple allegations of alleged wrongdoings by G. Cui towards New Century ("2007 Case") and clearly could and should have raised any concerns there. Contrary to their allegations, Plaintiffs cannot prove that G. Cui supplied a competitor of New Century while G. Cui was a director of New Century, and they cannot prove that G. Cui violated any fiduciary duty towards New Century. **UF23.** Since Plaintiffs must carry the burden of proof on Count X, and since they cannot carry it, Count X should be dismissed too.

## V. PLAINTIFFS CANNOT PROVE COUNTS I-VII FOR PATENT INFRINGEMENT AGAINST Y. CUI IN HER PERSONAL CAPACITY.

Under Counts I-VII, Plaintiffs allege patent infringement against Y. Cui in her personal capacity, *i.e.*, independent of any acts that Y. Cui performs in her role as the managing director of AIM Sports. **UF24.** Direct infringement under 35 U.S.C. §271(a) by a corporate officer requires piercing the corporate veil; inducement of infringement under 35 U.S.C. §271(b) requires specific intent. Plaintiffs cannot show either.

"Personal liability under § 271(a), however, requires sufficient evidence to justify piercing the corporate veil." *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1331 (Fed. Cir. 1999). "[T]he 'corporate veil' shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego.'" *Wordtech Sys. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010). *See also*, *3D Sys. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1380 (Fed. Cir. 1998) ("We have stated that the corporate form is not to be lightly cast aside.")

Unlike direct infringement under 35 U.S.C. §271(a), inducement of

1  infringement under 35 U.S.C. §271(b) by a corporate officer does not require piercing
2  the corporate veil. However, the patentee must prove specific intent for inducement
3  of infringement:

4       [T]he intent requirement for inducement requires more than just intent to
5       cause the acts that produce direct infringement. Beyond that threshold
6       knowledge, the inducer must have an affirmative intent to cause direct
        infringement. ... [I]nducement requires 'that the alleged infringer
7       knowingly induced infringement and possessed specific intent to encourage
8       another's infringement.' ... Accordingly, inducement requires evidence of
9       culpable conduct, directed to encouraging another's infringement, not
10      merely that the inducer had knowledge of the direct infringer's activities.

11  *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc*).
12  See also, *Manville Sales Corp. v. Paramount Sys.*, 917 F.2d 544, 553 (Fed. Cir. 1990)
13  ("The plaintiff has the burden of showing that the alleged infringer's actions induced
14  infringing acts *and* that he knew or should have known his actions would induce
15  actual infringements.")

16      While Plaintiffs have pointed to support that AIM Sports has marketed firearms
17  accessories, they have not identified any evidence in discovery to suggest that Y. Cui
18  has marketed any products in her personal capacity, let alone any product accused of
19  patent infringement. **UF25-26.** Plaintiffs have also not identified any evidence to
20  pierce the corporate veil of AIM Sports, negating such a contention as well. **UF25-26.**
21  Plaintiffs have also not identified any evidence that Y. Cui induced infringement
22  under any of the patents-in-suit. **UF25-26.**

23      Counts I-VII against Y. Cui are therefore void of support. **UF27-40.** The only
24  way the fact finder could find for Plaintiffs against Y. Cui on Counts I-VII, is by
25  ignoring the corporate entity of AIM Sports without any basis for doing so. That they
26  cannot do and Counts I-VII should be dismissed against Y. Cui.

27      ///

28

## VI.   PLAINTIFFS CANNOT PROVE COUNTS I-VII FOR PATENT INFRINGEMENT AGAINST <u>G. CUI</u> IN HIS PERSONAL CAPACITY.

Under Counts I-VII, Plaintiffs also allege patent infringement against G. Cui in his personal capacity, *i.e.*, independent of any acts that G. Cui performs in his role as an officer of Shandong. **UF41.** As for Y. Cui, Plaintiffs have not pointed to any evidence for their contention that G. Cui committed any acts in his personal capacity that could support an allegation of patent infringement. **UF42-43.** Plaintiffs have also not pointed to any support for piercing the corporate veil of Shandong. **UF42-43.** Finally, Plaintiffs have pointed to no evidence that G. Cui induced infringement of any asserted patent.  Counts I-VII are therefore also lack support against G. Cui (**UF44-57**) and should be dismissed against G. Cui.

### CONCLUSION

Defendants therefore request an Order dismissing Counts VIII, IX, and X entirely, and dismissing Counts I-VII against Y. Cui and G. Cui.


Respectfully submitted,


DATED: September 6, 2011          STAHL LAW FIRM


By:   s/Norbert Stahl
            Norbert Stahl, Esq.

            Attorney for Defendants AIM Sports, Inc.,
            Y. Cui, J. Covarrubias, G. Cui, Combat
            Optical, Inc., Shandong Int'l Econ. & Tech.
            Dev. Co. Ltd.

# CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2011, I electronically filed the foregoing document entitled:

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF PREEMPTION AND LACK OF EVIDENCE**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following person(s):

Rodney W. Bell, Esq.
Chang & Cote, LLP
rbell@changcote.com.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 6, 2011, at San Carlos, California.

By:   s/Norbert Stahl
Norbert Stahl, Esq.