#198

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3814 PSG (PLAx) | Date | May 11, 2012 |
|---|---|---|---|
| Title | Carson Cheng, et al. v. AIM Sports, Inc., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING in part and DENYING in part Defendants' Motion for Partial Summary Judgment on the Basis of Preemption and Lack of Evidence**

Before the Court is Defendants' motion for partial summary judgment on the basis of preemption and lack of evidence. Dkt. # 198. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the supporting and opposing papers, the Court GRANTS in part and DENIES in part the motion for partial summary judgment.

I.  Background

Plaintiffs Carson Cheng ("Cheng") and New Century Sci & Tech, Inc. ("New Century") (collectively "Plaintiffs") filed this action against AIM Sports, Inc. ("AIM Sports"), Guoping Cui ("G. Cui"), Ying Cui ("Y. Cui"), Juan Covarrubias, Shangdong International Economic & Technical Development Co., LTD ("SIET"), and Combat Optical, Inc. ("Combat Optical") (collectively "Defendants") for patent infringement, unfair competition, and breach of fiduciary duty. *Compl.* ¶¶ 36, 43, 50, 57, 64, 71, 78, 84, 90, 95.[1]

Plaintiff Cheng has held a majority interest in New Century since its inception. *Compl.* ¶ 16. New Century designs, develops, and distributes firearm-related tools, accessories, and

---

[1] Plaintiffs also filed suit against Qingdao Amber Sports Co., LTD and Micro World Corp., but these defendants have since been dismissed from this action. Dkts. # 33, 161.

#198

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3814 PSG (PLAx) | Date | May 11, 2012 |
|---|---|---|---|
| Title | Carson Cheng, et al. v. AIM Sports, Inc., et al. | | |

sporting optics. *Compl.* ¶ 13.[2]  Plaintiffs together own seven firearm-related patents at issue in this suit: Utility Patent 6,754,987 (the "987 Patent"), Design Patent D555,455 (the "455 Patent"), Design Patent D598,723 (the "723 Patent"), Design Patent D542,880 (the "880 Patent'"), Design Patent D555,750 (the "750 Patent"), Design Patent D555,751 (the "751 Patent"), and Design Patent D543,605 (the "605 Patent").  *Compl.* ¶¶ 13, 14.

Prior to December 2006, SIET was the primary supplier of goods and merchandise to New Century.  *Compl.* ¶ 19.  SIET acted as a middleman for New Century by locating Chinese manufacturers to produce New Century's products and prototypes.  *Id.*  SIET is controlled and managed by Defendant G. Cui.  *Compl.* ¶ 18.  In addition to being a supplier, SIET had other connections to New Century.  SIET itself was a shareholder in New Century.  *Compl.* ¶ 17.  G. Cui was also a director and officer of New Century for some period of time.  *Compl.* ¶ 20.  And, lastly, G. Cui's daughter, Y. Cui, worked for New Century.  *Compl.* ¶ 22.

Plaintiffs allege that SIET, G. Cui, and Y. Cui secretly formed a company named NcStar, Inc. in 2006 to begin competing with New Century.  *Compl.* ¶ 23.  The name of this company was later changed to AIM Sports, Inc.  *Id.*  Plaintiffs allege that SIET supplies AIM Sports with the same products that SIET previously supplied to New Century and for which New Century holds the patents-in-suit.  *Compl.* ¶ 25.

Defendants have moved for partial summary judgment on various causes of action in the Complaint.  *Mot.* 2:1-9.

II.     Legal Standard

Federal Rule of Civil Procedure 56(a) establishes that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party may move for summary judgment not only as to an entire case, but also as to a claim, defense, or part of a claim or defense.  *Id.*  The movant bears the initial burden to demonstrate the lack of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies the burden, the nonmovant must set forth specific evidence showing that there remains a

---

[2] Neither Plaintiffs nor Defendants provided a comprehensive summary of background facts in their respective statements of fact.  Thus, while not accepting the allegations in the Complaint as true, the Court will use the allegations as background.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3814 PSG (PLAx) | Date | May 11, 2012 |
|---|---|---|---|
| Title | Carson Cheng, et al. v. AIM Sports, Inc., et al. | | |

genuine issue for trial, and "may not rest upon mere allegation or denials of his pleading." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).

An issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See Anderson*, 477 U.S. at 249-50. A party asserting that a fact cannot be genuinely disputed, must support that assertion by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A party may object that material cited would not be admissible in evidence. *See id.* 56(c)(2). Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible in evidence, and must show that the declarant or affiant is competent to testify on the matters stated. *See id.* 56(c)(4).

III.     Discussion

Defendants move for summary judgment on the following causes of action: the Eighth Cause of Action, which alleges unfair competition under California Business and Professions Code § 17200 against AIM Sports and SIET; the Ninth Cause of Action for breach of fiduciary duty against Defendant SIET; the Tenth Cause of Action, for breach of fiduciary duty against G. Cui; and the First through Seventh Causes of Action for patent infringement against Y. Cui and G. Cui in their personal capacities. *Mot.* 2:1-9. Defendants argue summary judgment should be awarded on the basis of preemption and lack of evidence. *Id.* The Court will address each part of Defendants' motion for partial summary judgment separately.

    a.     Unfair Competition

The Eighth Cause of Action alleges unfair competition under California Business and Professions Code § 17200 (the "UCL") against AIM Sports and SIET. *Compl.* ¶¶ 83-87. State law torts are preempted by federal patent law where the conduct underlying the state tort cause of action is not separate and independent from the patent law claims. *See Hunter Douglas, Inc. v. Harmonic Design*, *Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998), *overruled on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1358-59 (Fed. Cir. 1999). Defendants argue summary judgment should be granted on Plaintiffs' UCL claims because those claims are based solely on patent infringement. *Mot.* 4:1-21.

#198

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3814 PSG (PLAx) | Date | May 11, 2012 |
|---|---|---|---|
| Title | Carson Cheng, et al. v. AIM Sports, Inc., et al. | | |

In opposition, Plaintiffs argue their UCL claim is not preempted because "[t]here are numerous genuine issues of material fact regarding whether Defendants' business practices are also unlawful and/or unfair." *Opp.* 4:16-5:28. Plaintiffs cite to evidence of allegedly wrongful acts by Defendants other than patent infringement. *Opp.* 5:2-28. While it may be true that there are other issues of fact on the unlawfulness or unfairness of Defendants' business practices, Plaintiffs have, throughout this lawsuit, predicated their UCL claim entirely on patent infringement. In the Complaint, Plaintiffs stated their UCL claim was based on Defendants "infringing and/or actively inducing the infringement of the Subject Patents." *See Compl.* ¶ 84. Additionally, when asked by Defendants to state the basis of the UCL claim, Plaintiffs answered: "Defendant engages in the sale, offer to sell, use, manufacture, and importation of products that infringe Plaintiffs' patents, thereby allowing it to unfairly compete with Plaintiffs." *Facts* ¶¶ 4, 5.[3] Finally, when opposing Defendants' prior motion for summary judgment on the basis of res judicata, Plaintiffs asserted the UCL claims could not be dismissed, because the UCL claims were based on the patent infringement claims. *Pls. Opp. to Defs. Mot. for Summ. J. on Counts 1, 3-5, 8-10 on Grounds of Res Judicata*, Dkt. # 195, at 11:14-12:5. The Court relied on Plaintiffs' argument, as well as the allegations in the Complaint, in denying the res judicata motion for summary judgment. *See Order Denying Defendants' Motion for Summary Judgment*, Dkt. # 290, at 6 ("The . . . unfair competition claims relate directly to the patent infringement claims."). Plaintiffs may not now expand the basis for their UCL claim when they have represented to Defendants and to the Court throughout this litigation, that the UCL claim was based on patent infringement. Accordingly, the UCL claim is preempted and Defendants' motion for summary judgment on the Eighth Cause of Action is GRANTED.

      b.     <u>Breach of Fiduciary Duty against SIET</u>

The Ninth Cause of Action pleads a breach of fiduciary duty against Defendant SIET. *Compl.* ¶¶ 88-92. Plaintiffs allege SIET was a major shareholder of the closely held corporation New Century and therefore SIET owed fiduciary duties to New Century. *Compl.* ¶ 89. Defendants move for summary judgment on this cause of action, arguing that SIET was a minority shareholder of New Century and that minority shareholders do not owe any fiduciary duties to other shareholders under California law. *Mot.* 5:1-6:2.

---

[3] The "Facts" cited by the Court are drawn from the parties' statements of fact filed in support and opposition to the motion. Dkts. # 198-2, 220-2.

#198

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3814 PSG (PLAx) | Date | May 11, 2012 |
|---|---|---|---|
| Title | Carson Cheng, et al. v. AIM Sports, Inc., et al. | | |

In California, shareholders only owe fiduciary duties to each other in limited situations. *See Miles, Inc. v. Scripps Clinic, Inc.*, 810 F. Supp. 1091, 1099 (S.D. Cal. 1993). The parties agree that there are no California state court cases squarely addressing whether a minority shareholder in a closely held corporation owes any fiduciary duties to other shareholders. *Opp.* 6:11-9:19; *Reply* 3:11-5:8. States which have addressed this issue have come to different conclusions. *Compare Nixon v. Blackwell*, 626 A.2d 1366, 1380-81 (Del. 1993) (no fiduciary duties owed), *with Donahue v. Rodd Electrotype Co. of New England, Inc.*, 328 N.E.2d 505, 515 & n.17 (Mass. 1975) (fiduciary duties owed).

In an unpublished decision, the Ninth Circuit predicted that the California Supreme Court would hold that minority shareholders in a closely held corporation do not owe fiduciary duties to other shareholders. *Merner v. Merner*, 129 Fed. App'x 342, 343 (9th Cir. 2005). The Ninth Circuit looked to California caselaw that declined to apply more stringent fiduciary duties to closely held corporations than to other corporations. *See id.* The Ninth Circuit also looked to California statutes governing closely held corporations, and concluded the California Supreme Court would refrain from fashioning additional duties not found in the statutory scheme. *Id.* Although the decision in *Merner* is not binding precedent, the Court agrees with the analysis presented in *Merner*. Accordingly, as a minority shareholder SIET did not owe a fiduciary duty to other shareholders. Defendants' request for summary judgment on the Ninth Cause of Action for breach of fiduciary duty by SIET is GRANTED.

c.     Breach of Fiduciary Duty Against G. Cui

In the Tenth Cause of Action, Plaintiffs allege G. Cui breached his fiduciary duties as an officer and director of New Century. *Compl.* ¶¶ 93-98. This cause of action rests on G. Cui's formation of AIM Sports in direct competition to New Century and G. Cui's participation in the infringement of New Century's patents. *Compl.* ¶ 95. The Complaint is not exactly clear on the timeline, but it appears Plaintiffs assert that G. Cui began secretly competing with New Century around November 2006. *See Compl.* ¶¶ 22-26; *Cheng Decl.* ¶ 10. In moving for summary judgment on this cause of action, Defendants argue G. Cui cannot have breached a fiduciary duty to New Century in November 2006 or afterwards because G. Cui ceased to be an officer and director of New Century in 2006. *Mot.* 6:23-7:11.

The parties dispute the precise time G. Cui ceased to be an officer and director of New Century. Both parties point to statements made in a state court case involving substantially the same parties as are present in this case. In the state court litigation, G. Cui and Cheng appear to

#198

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3814 PSG (PLAx) | Date | May 11, 2012 |
|---|---|---|---|
| Title | Carson Cheng, et al. v. AIM Sports, Inc., et al. | | |

have testified in contradiction of the positions they have taken in the litigation before this Court. In other words, in the state court litigation G. Cui has stated that he remained an officer and director of New Century at least through March 2009. *Facts* ¶¶ 97-98. And Cheng has stated that G. Cui ceased to be an officer and director of New Century in 2006. *Facts* ¶¶ 21-22. Putting aside the contradiction of the parties' litigation positions in this case, the testimony in the state court litigation reveals there are genuine issues of material fact regarding whether G. Cui was an officer and director of New Century at the time he allegedly started to compete with New Century and began infringing on New Century's patents. Therefore, Defendants' motion for summary judgment on this issue is DENIED.

    d.    <u>Patent infringement by G. Cui and Y. Cui</u>

Plaintiffs bring causes of action for patent infringement against Y. Cui and G. Cui in their personal capacities. *Compl.* ¶¶ 34-82. Plaintiffs seek to hold Y. Cui and G. Cui liable based on their active inducement of patent infringement under 35 U.S.C. § 271(b). *See, e.g., Compl.* ¶ 36. "[C]orporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement *regardless* of whether the circumstances are such that a court should disregard the corporate entity and pierce the corporate veil." *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990). To establish liability for induced infringement under 35 U.S.C. § 271(b), a party must show that a defendant "actively and *knowingly* aid[ed] and abet[ed] another's direct infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). Inducement also requires proof that the alleged infringer "possessed specific intent to encourage another's infringement." *Manville Sales Corp.*, 917 F.2d at 553. Circumstantial evidence of intent may suffice. *DSU Med. Corp.*, 471 F.3d at 1306.

Defendants move for summary judgment as to the liability of Y. Cui and G. Cui for patent infringement, arguing there is no evidence to support such liability. *Mot.* 7:12-9:11. In opposition, Plaintiffs present evidence that Y. Cui and G. Cui knew of Plaintiffs' patents and yet knowingly and actively assisted AIM Sport's infringement by personally selling and importing infringing products, as well as directing the manufacture and sale of infringing products. *Facts* ¶¶ 62, 66, 67, 75-85. Plaintiffs also present evidence that Y. Cui and G. Cui secretly started a company to compete with New Century and misappropriate its intellectual property. *Facts* ¶¶ 63-64. The Court concludes that there are triable issues of fact as to whether Y. Cui and G. Cui personally induced patent infringement. Defendants' motion for summary judgment on this issue is DENIED.

#198

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-3814 PSG (PLAx) | Date | May 11, 2012 |
|---|---|---|---|
| Title | Carson Cheng, et al. v. AIM Sports, Inc., et al. | | |

IV.    Conclusion

 For the foregoing reasons, Defendants' motion for partial summary judgment based on preemption and lack of evidence is GRANTED in part and DENIED in part. Specifically, summary judgment is:

•    GRANTED for Defendants on the Eighth Cause of Action for UCL violations;

•    GRANTED for Defendants on the Ninth Cause of Action for breach of fiduciary duty by SIET;

•    DENIED on the Tenth Cause of Action for breach of fiduciary duty by G. Cui; and

•    DENIED as to the personal liability of G. Cui and Y. Cui for patent infringement under the First through Seventh Causes of Action.

 **IT IS SO ORDERED.**