E-FILED 09/07/12
JS-6

1  Rodney W. Bell (SBN 125314); rbell@changcote.com
   Audrey L. Khoo (SBN 254007); akhoo@changcote.com
2  CHANG & COTE, LLP
   19138 E. Walnut Drive North, Suite 100
3  Rowland Heights, CA  91748
   Telephone:  (626) 854-2112; Facsimile: (626) 854-2120
4
   Michael K. Friedland (SBN 157217); mfriedland@kmob.com
5  Boris Zelkind (SBN 214014); boris.zelkind@kmob.com
   Ali S. Razai (SBN 246922); ali.razai@kmob.com
6  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
7  Irvine, CA  92614
   Telephone: (949) 760-0404; Facsimile: (949) 760-9502
8  Attorneys for Plaintiffs, CARSON CHENG and NEW CENTURY
   SCI & TECH, INC.
9
   Norbert Stahl (SBN 194091); nstahl@patentlawservice.com
10 STAHL LAW FIRM
   2 Meadowsweet Lane
11 San Carlos, CA  94070
   Telephone: (650) 802-8800; Facsimile: (650) 802-8484
12 Attorney for Defendants AIM SPORTS, INC., YING CUI, G. CUI, JUAN
   COVARRUBIAS, SHANDONG INT'L and COMBAT OPTICAL, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CARSON CHENG, an individual; NEW CENTURY SCI & TECH, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AIM SPORTS, INC., a California corporation; GUOPING CUI, an individual also known as George Cui; YING CUI, an individual also known as Amber Cui; JUAN COVARRUBBIAS, an individual; QINGDAO AMBER SPORTS CO., LTD., a Chinese registered company; SHANDONG INTERNATIONAL ECONOMIC & TECHNICAL DEVELOPMENT CO., LTD., a Chinese registered company; COMBAT OPTICAL, INC., a California corporation; MICRO WORLD CORP., a California corporation doing business as BARSKA,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No.<br>CV 10-03814 PSG (PLAx)<br><br>[~~PROPOSED~~] **FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiffs Carson Cheng ("Cheng") and New Century Sci & Tech, Inc. ("NCS&T") (collectively "Plaintiffs") and Defendants AIM Sports, Inc. ("AIM Sports"), Guoping Cui ("G. Cui"), Ying Cui ("Y. Cui"), Shandong International Economic & Technical Development Co., Ltd. ("SIET"), Combat Optical, Inc. ("Combat Optical"), and Juan Covarrubias ("Covarrubias") (collectively "Defendants") hereby stipulate and jointly move for entry of final judgment as follows:

WHEREAS, on September 4, 2012 ("Effective Date") Plaintiffs and Defendants entered into a Definitive Agreement of Settlement and Release ("Settlement Agreement) that disposed of all claims in this Action; and

WHEREAS, pursuant to the Settlement Agreement, the parties have agreed to entry of a Final Consent Judgment and Permanent Injunction as set forth herein;

1.  This Court has subject matter jurisdiction over this action as well as personal jurisdiction over the parties.

2.  Venue is proper in this judicial district.

3.  Cheng is the owner of U.S. Design Patent No. D543,605 ("the '605 Patent"); U.S. Design Patent No. D542,880 ("the '880 Patent"); U.S. Design Patent No. D555,750 ("the '750 Patent"); U.S. Design Patent No. D555,751 ("the '751 Patent"); U.S. Design Patent No. D555,455 ("the '455 Patent"); and U.S. Design Patent No. D598,723 ("the '723 Patent").

4.  NCS&T is the owner of U.S. Patent No. 6,754,987 ("the '987 Patent").

-2-

5.     The claims of the '605 Patent, the '880 Patent, the '750 Patent, the '751 Patent, the '455 Patent, the '723 Patent and the '987 Patent are valid and enforceable.

6.     The Court's summary judgment decision with respect to invalidity of the '723 Patent is vacated.

7.     The Court's Order Granting in Part and Denying in Part Plaintiffs' Motion for Sanctions of August 23, 2011 (docket #191), and the Court's Order Fixing Attorneys' Fees of October 31, 2011 (docket #289) (collectively "Sanctions Orders") are both vacated (except to the extent already consummated).

8.     Plaintiffs have accused Defendants of willfully infringing the '751 Patent by their manufacture, sale, marketing and/or distribution of their Tri-rail mount for the AK, AIM item no. MK001T and Combat Optical item no. MK001T ("the '751 Accused Products").

9.     Plaintiffs have accused Defendants of willfully infringing the '880 Patent by their manufacture, sale, marketing and/or distribution of their AR15 tri-mount flat top mount, AIM item no. MT008, and the 4x30 fiber optic sight scope tri mount riser with LED flashlight 5mw laser sight, Combat Optical SKU AR-S-C5 ("the '880 Accused Products").

*1*  10. Plaintiffs have accused Defendants of willfully infringing the '605

*2*  Patent by their manufacture, sale, marketing and/or distribution of their SKS

*3*

*4*  tactical scope mount, AIM item no. MS001T ("the '605 Accused Products").

*5*  11. Plaintiffs have accused Defendants of willfully infringing the '750

*6*  Patent by their manufacture, sale, marketing and/or distribution of their AR15

*7*

*8*  carry handle tri-mount, AIM item no. MT009 and AR15 M4 detachable carry

*9*  handle red dot sight strobe flashlight green laser combo, Combat Optical SKU

*10*  AR-RD-C3 ("the '750 Accused Products").

*11*

*12*  12. Plaintiffs have accused Defendants of willfully infringing the '455

*13*  Patent by their manufacture, sale, marketing and/or distribution of their AIM

*14*  item no. ZJM-MK16, AIM item no. ZJM-MK1, and the MK-2 16 combo tool

*15*

*16*  ("the '455 Accused Products").

*17*  13. Plaintiffs have accused Defendants of willfully infringing the '987

*18*  Patent by their manufacture, sale, marketing and/or distribution of their AIM

*19*

*20*  item No. ZJM-ARLU magazine loader ("the '987 Accused Products").

*21*  14. Defendants deny all of Plaintiffs' allegations of wrongdoing,

*22*

*23*  including that the subject patents were willfully infringed. The Court makes no

*24*  finding of infringement.

*25*  15. The parties have entered into a settlement agreement to resolve

*26*

*27*  their dispute.    Pursuant to the Patent Act, 35 U.S.C. § 283, Defendants and

*28*  each of them stipulate that Defendants, together with their officers, directors,

-4-

agents, servants, employees and affiliates thereof, representatives and attorneys, and all persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, offering to sell, selling, or distributing within the United States, its territories and possessions, or by importing into the United States, its territories and possessions the following products (referred collectively herein as "Covered Products"):

    a. the '751 Accused Products or any other devices that are no more than colorably different therefrom during the life of the '751 patent;

    b. the '880 Accused Products or any other devices that are no more than colorably different therefrom during the life of the '880 patent;

    c. the '605 Accused Products or any other devices that are no more than colorably different therefrom during the life of the '605 patent;

    d. the '750 Accused Products or any other devices that are no more than colorably different therefrom during the life of the '750 patent;

    e. the '455 Accused Products or any other devices that are no more than colorably different therefrom during the life of the '455 patent; and

   f. the '987 Accused Products or any other devices that are no more than colorably different therefrom during the life of the '987 patent.

16. This injunction shall take effect as of the Effective Date. The prohibition of paragraph 15 shall remain in effect as long as the respective patents remain unexpired.

17. Defendants shall identify to Plaintiffs all of their remaining inventory of the Covered Products and shall either destroy said products or tender them to Plaintiffs, within 15 days of the entry of this Final Consent Judgment and Permanent Injunction. Within such time, Defendants shall provide Plaintiffs with written certification under oath that all Covered Products that were within their possession or control as of the date of entry of this order have been destroyed or tendered to Plaintiffs in accordance with this provision.

18. Plaintiffs will not pursue infringement allegations against Defendants' customers for Covered Products sold prior to September 4, 2012.

19. Each party will bear its own costs and attorneys' fees for this action.

20. No other or further relief is granted to any party.

21. The parties advise that that they affirmatively waive any and all rights to appeal this Final Consent Judgment and Permanent Injunction.

22. This Court retains jurisdiction to monitor and enforce compliance with this Permanent Injunction.

**IT IS SO STIPULATED AND AGREED**

        Respectfully submitted,

        KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 6, 2012    By: /s/ Boris Zelkind
        Michael Friedland
        Boris Zelkind
        Ali S. Razai

Attorneys for Plaintiffs Carson Cheng and New Century Sci & Tech, Inc.

STAHL LAW FIRM

Dated: September 6, 2012    By: /s/ Norbert Stahl
        Norbert Stahl

Attorney for Defendants AIM Sports, Inc., Ying Cui, G. Cui, Juan Covarrubias, Shandong Int'l and Combat Optical

**IT IS SO ORDERED AND DECREED, AND FINAL JUDGMENT IS HEREBY ENTERED**

Dated: 09/07/12

PHILIP S. GUTIERREZ

Philip P. Gutierrez
UNITED STATES DISTRICT COURT JUDGE

13910645
090512